IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Mary E. Harry, | ) | C/A No.: 3:12-2268-CMC-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| Pilgrim's Pride Corporation, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter comes before the court on the motion to compel of Defendant Pilgrim's Pride Corporation ("Defendant"). [Entry #15]. The motion having been fully briefed, it is ripe for disposition. For the reasons that follow, the court grants the motion.

I.   Factual Background

Mary E. Harry ("Plaintiff") alleges Defendant discriminated against her based on her age and disability, and also retaliated against her in violation of S.C. Code Ann. § 41-1-80. [Entry #1 at ¶¶ 23–33]. In her Complaint, Plaintiff alleges that from 1998 to 2012, she incurred physical injuries as a result of her work for Defendant. *Id*. at ¶¶ 8–10; 22. Specifically, Plaintiff alleges in her complaint that her family doctor diagnosed her as having "Chronic Muscle Strain related to her occupation" on October 30, 1998, and released her to work with restrictions. *Id*. at ¶ 9. Among other relief, Plaintiff seeks compensatory damages, punitive damages, and damages for her alleged emotional distress, mental anguish, and humiliation. *Id*. at 7.

On November 13, 2012, Defendant served Plaintiff with its First Set of Interrogatories and Requests for Production. [Entry #15-1]. On December 11, 2012,

Defendant received Plaintiff's responses to the discovery. *Id.* On December 13, 2012, counsel for Defendant emailed Plaintiff's counsel outlining alleged deficiencies in Plaintiff's objections and responses to Interrogatory 6, 7 and 11 and Request for Production 10. *Id.* In addition, Defendant requested that Plaintiff verify her Interrogatory answers. *Id.* Plaintiff's counsel did not respond to the letter, and Defendant filed the instant motion on January 2, 2013.

II. Discussion

Generally, parties in civil litigation enjoy broad discovery, as detailed in Fed. R. Civ. P. 26(b)(1):

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who knows of any discoverable matter.... Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1). "[T]he discovery rules are given 'a broad and liberal treatment.'" *Nat'l Union Fire Ins. Co. of Pittsburgh, P.A. v. Murray Sheet Metal Co. Inc.*, 967 F.2d 980, 983 (4th Cir. 1992) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). The discovery sought must be relevant to a claim or defense.

B. Analysis

1. Interrogatories 6 and 7

Defendant first requests a complete response to Interrogatories 6 and 7, which both request information related to medical care Plaintiff has received in the last 20 years. Defendant argues that it is entitled to medical information from the last 20 years because

Plaintiff's complaint makes factual allegations related to her medical condition as early as 1998. Plaintiff appears to argue that such information is not relevant because the EEOC rejects claims occurring earlier than 300 days prior to the charge. [Entry #18 at 2]. Additionally, Plaintiff argues that her medical condition is not "the focus" of this litigation. Finally, Plaintiff generally argues the interrogatories are overly burdensome.

As Plaintiff's complaint specifically includes allegations regarding her medical condition in 1998 and its relationship to her job, she has put her 1998 medical condition at issue. Consequently, Defendant is entitled to discovery regarding Plaintiff's medical condition shortly prior to 1998, as such information is relevant to the allegations in her complaint. In light of such allegations, the court respectfully disagrees with Plaintiff's contention that her medical history is irrelevant. Further, the record is devoid of evidence that the information requested is overly burdensome, as Defendant appears to have tailored the interrogatories to the allegations in Plaintiff's complaint and seeks only the names and addresses of medical providers in order to obtain the medical records directly from the providers. [Entry 19 at 3–4]. Defendant's motion to compel full responses to Interrogatories 6 and 7 is granted.[1]

    2.    Interrogatory 11

In Interrogatory 11, Defendant requests that Plaintiff provide a calculation of her damages:

> Describe in detail the nature of the injuries or damages you allege you suffered as a result of the incidents which are the subject matter of this

---

[1] To the extent Plaintiff and Defendant wish to agree by way of stipulation to strike the allegations in Plaintiff's complaint that give rise to the historical medical history (and corresponding medical records), they are free to do so.

> lawsuit, and for each injury or damage, including any attorney's fees or costs (if sought in this lawsuit), specify the amount of any damages sought by you as compensation, describe in detail the method of computing each category of damages, and identify all documents that relate to or that you contend support your claim for such injury or damage.

[Entry #15-1]. Plaintiff argues that the damages can only be calculated by a jury and she has no method for computing pain and suffering. She further argues she cannot calculate her claim for failure to accommodate pursuant to the ADA because she still works for Defendant. [Entry #18 at 3–4].

It does not appear that Plaintiff has attempted to calculate or identify evidence for any damages she seeks. For example, Plaintiff does not identify any medical costs or medical records related to her claim that Defendant's failure to accommodate exacerbated her injuries or caused her pain and suffering. Neither does it appear that Plaintiff has identified any evidence related to her alleged emotional distress, mental anguish, and humiliation, such as records from mental health providers. Such information is generally provided in response to initial disclosures exchanged pursuant to Fed. R. Civ. P. 26(a)(1)(iii). Plaintiff has not shown why she should be exempt from providing a calculation of her alleged damages as generally allowed during discovery. Therefore, Defendant's motion to compel is granted as to Interrogatory 11.

      3.     Request for Production 10

In Request for Production 10, Defendant requests "all federal and/or state income tax returns, forms W-2, 1040, 1099, or other documents reflecting income received by you for calendar years 2009–2012, when available, and through the date of trial." [Entry #15-1]. Plaintiff response states "Plaintiff objects to this request. Notwithstanding this

objection, Plaintiff has tax information for 2011, which will be provided upon receipt." *Id*. In her response to the motion to compel, Plaintiff states that Defendant, as her employer, is in possession of documents reflecting her income and believes that information is sufficient. Plaintiff also states that she is not in possession of tax information for 2009, 2010, or 2012. [Entry #18 at 4]. Although Defendant has access to its own payment records for Plaintiff, it has no information regarding any other income Plaintiff may have received from any other source. Tax returns or other evidence of income is relevant to Plaintiff's claim for damages. Therefore, Defendant's motion to compel is granted as to Request for Production 10. In the event that Plaintiff does not have such information, she should provide an explanation.

III.   Conclusion

Plaintiff is ordered to submit supplemental responses to Defendant's Interrogatories and Requests for Production by March 6, 2013, in accordance with this order. Additionally, Plaintiff should submit verifications for the initial responses and her supplemental responses by March 6, 2013.

IT IS SO ORDERED.

*Shiva V. Hodges*

February 20, 2013                              Shiva V. Hodges
Columbia, South Carolina                       United States Magistrate Judge

5